IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAWRENCE E. JONES,   )<br>   )<br>   Petitioner,   )<br>   )<br>   v.   )<br>   )<br>ROBERT HOUSTON,   )<br>   )<br>   Respondent.   )<br>_____) | 4:05CV3234<br><br><br><br>MEMORANDUM OPINION |

       This matter is before the Court on respondent's motion for summary judgment (Filing No. 5), and petitioner's opposition to the respondent's motion (Filing No. 8).  In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), Lawrence E. Jones alleges violations of his civil rights in connection with his convictions in the District Court of Douglas County, Nebraska, in 1988.  The Nebraska Supreme Court denied the petitioner's direct appeal on June 16, 1989, in *State v. Jones*, 441 N.W.2d 605 (Neb. 1989).  In 1994, the petitioner requested a reduction of his sentence pursuant to Neb. Rev. Stat. § 29-2931.  The district court denied relief, finding that § 29-2931 violated the Nebraska Constitution, and the Nebraska Supreme Court affirmed the denial of relief on May 26, 1995, in *State v. Jones*, 532 N.W.2d 293 (Neb. 1995).

In Filing No. 5, the respondent contends that the statute of limitations set forth in 28 U.S.C. § 2244(d) expired before the petitioner filed his § 2254 petition in this Court on September 13, 2005, and that the § 2254 petition is therefore barred as untimely.  The respondent is correct.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  28 U.S.C. § 2244(d) states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was

-2-

>initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state court judgment becomes final, *i.e.*, upon conclusion of direct review or at the end of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  *See, e.g., Nichols v. Bowersox*, 172 F.3d 1068, 1072 (8th Cir. 1999):

>In *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998), *cert. denied*, 525 U.S. 1187. . . (1999), § 2244(d)(1)(A) was interpreted by a panel of this court as follows: the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct

> criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

**Grace Period**

State prisoners, like the petitioner, whose convictions became final before enactment of the AEDPA in 1996 received a one-year grace period from the AEDPA's effective date to file their § 2254 petitions in federal court. The one-year grace period began on April 24, 1996, and, unless extended or tolled in a particular case, expired, on April 24, 1997. *Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001); *Mills v. Norris*, 187 F.3d 881, 882 (8th Cir. 1999).

As the petitioner's conviction became final before the AEDPA's effective date, he received the benefit of the AEDPA grace period. Therefore, the AEDPA statute of limitations began to run in the petitioner's case on April 24, 1996, and expired on April 24, 1997, unless extended or tolled in the interim between April 24, 1996, and April 24, 1997.

**Tolling of the Limitations Period**

Title 28, U.S.C. § 2244(d)(2) directs that the one-year statute of limitations shall be tolled while a habeas corpus petitioner exhausts any available state post-conviction remedies. *See Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). *Accord Hatcher v. Hopkins*, 256 F.3d 761, 763 (8th Cir. 2001). In calculating the limitations period, Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted." (Emphasis added.)

The petitioner first sought collateral review of his conviction in the state courts in proceedings pursuant to Neb. Rev. Stat. § 29-2931. As those proceedings ended before the enactment of the AEDPA, they had no effect on the statute of limitations.

Thereafter, the petitioner did not file a post-conviction action until November 23, 1998. By that time, the deadline for asserting the petitioner's claims in a § 2254 petition in federal court had previously expired on April 24, 1997. Therefore, the petitioner's post-conviction proceeding in state court did not toll or revive the previously expired AEDPA limitations period. *See Painter v. Iowa*, 247 F.3d 1256 (8th

Cir. 2001) (once the AEDPA's one-year limitations period has ended, exhaustion of state remedies, even if timely under state law, does not extend, toll, or reset the deadline for filing a federal habeas corpus petition).  The same is true for the petitioner's later Motion for Release on Early Parole filed on July 30, 2004, and second Motion for Post-conviction Relief filed on March 23, 2004.  Once again, state court proceedings initiated after expiration of the AEDPA statute of limitations for bringing a § 2254 petition in federal court cannot revive, toll or reset the limitations period.

### Equitable Tolling

The petitioner alleges that in April of 2003, he began to experience the benefits of a medication, Serequel, which alleviated the symptoms of his mental illness.  Therefore, the plaintiff alleges that the AEDPA statute of limitations in his case should have been equitably tolled until the beginning of his "return to sanity."

Because the one-year time limit contained in 28 U.S.C. § 2244(d) is a statute of limitations rather than a jurisdictional bar, equitable tolling may apply, if appropriate. *Gassler v. Bruton*, 255 F.3d 492 , 495 (8th Cir. 2001).  However, "[e]quitable tolling is proper only when extraordinary

-6-

circumstances beyond a prisoner's control make it impossible to file a petition on time . . . . Further, equitable tolling may be appropriate when conduct of the defendant has lulled the plaintiff into inaction . . . ." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 122 S.Ct. 145 (2001). "[E]quitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

However, the petitioner's mental impairment clearly did not render him incapable of engaging in litigation or prevent him from appreciating the need to challenge his conviction or sentence in a timely fashion.  The petitioner initiated litigation collaterally attacking aspects of his conviction or sentence in 1994, again in 1998 and twice in 2004.  Thus, the petitioner's mental condition did not render him *incapable* of filing a timely § 2254 petition.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 29th day of November, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

-7-